# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

PABLO'S, L.L.C.

VERSUS

KIMBERLY WELLS LAURENT, ET AL.

CIVIL ACTION

CASE NO. 25-546-JWD-SDJ

## ORDER

Defendants, Kimberly Wells Laurent, Meagan Garon Porche, Zachary Garon, Troy Laurent, and Jason Porche ("Defendants"), have filed a *Partial Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Alternative Motion to Stay* (Doc. 14) ("*MTD*").

By way of background, Plaintiffs Pablo's, L.L.C., Pablo's Cantina, L.L.C., Gerald Paul Schexnayder, Jr., and Kathryn Schexnayder (collectively, "Plaintiffs") have filed a *Complaint for Damages and Demand for Jury Trial* (Doc. 1) ("*Complaint*"). There, Plaintiffs claim that Defendants include two former employees who conspired with others to embezzle funds from Plaintiffs' businesses for more than six years and who used those funds for Defendants' benefit. (*Id.* at 1–2.) Plaintiffs claim that Defendants have covered up their misconduct through certain steps such as altering QuickBooks records, hiding bank statements, misreporting tax information, and other similar actions. (*Id.*) Plaintiffs bring claims under (1) the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, (specifically, § 1962(c)); (2) RICO, § 1962(d); and (3) breach of fiduciary duties under state law. (*Compl.* ¶¶ 39–91, Doc. 1.)

In the *MTD*, Defendants seek dismissal of Plaintiffs' RICO claims because "they fail to sufficiently plead the necessary elements of a RICO cause of action against any of the listed Defendants." (Doc. 14-2 at 7.) According to Defendants, Plaintiffs fail to provide sufficient facts to establish that an enterprise or conspiracy existed. (*Id.* at 7–10.) Defendants also urge the Court

to decline supplemental jurisdiction over the remaining state law claims. (*Id.* at 10–11.) Lastly, Defendants argue in the alternative that, if their motion to dismiss is denied, the Court should stay or abstain from the matter pending the outcome of purportedly similar state court litigation in the 19th Judicial District Court. (*Id.* at 11–13.) Thus, Defendants contend, *inter alia*, that the *Complaint* is defective for failing to articulate a plausible claim (as required by the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Plaintiffs maintain that their *Complaint* withstands the challenges raised by the *MTD*. (*See* Doc. 18.) Plaintiffs further urge that the request to stay be denied. (*Id.* at 14–20.) Plaintiffs specifically request leave to amend to cure any deficiencies detailed in the *MTD* should the *MTD* be granted. (*Id.* at 20.)

The Court reviewed the motion. Without expressing any view as to its merits, the Court affords Plaintiffs an opportunity to cure the purported pleading defects; the Court grants Plaintiffs leave to file an amended complaint, in accordance with Fed. R. Civ. P. 15(a)(2). *See Jordan v. Gautreaux*, 593 F. Supp. 3d 330, 372–73 (M.D. La. 2022) (granting leave to amend in response to successful Rule 12(b)(6) motion when no prior amendment was given in response to ruling from the Court).

Any amended complaint must plead specific factual allegations that, if true, would "plausibly give rise to an entitlement to relief," *Iqbal*, 556 U.S. at 679. Plaintiffs will be given **fourteen (14) days** in which to amend the operative complaint to plead viable claims. Defendants will have **fourteen (14) days** thereafter to file any responsive pleadings. Plaintiffs are advised that, if Defendants file a second motion to dismiss which the Court ultimately grants, it is highly likely the Court will deny leave to amend due to futility.

In that vein, Plaintiffs' counsel is reminded that there must be a good faith basis in law and

fact to assert any claims in the amended complaint. *See* Fed. R. Civ. P. 11. However, Defendants are likewise reminded that, if Plaintiffs have successfully cured the deficiencies of their prior complaint, Defendants should not file another Rule 12 motion. *See id.* The Court notes that its docket is highly congested right now as a result of a number of emergency motions involving federal and state action, so the parties should conduct themselves so as to promote judicial economy and conserve party and judicial resources. *See* Fed. R. Civ. P. 1 (stating that the federal rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Accordingly,

**IT IS ORDERED** that Defendants' *Partial Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Alternative Motion to Stay* (Doc. 14) is **DENIED WITHOUT PREJUDICE.** Defendants can re-urge any argument made in their *MTD* in response to an amended complaint, if appropriate.

Signed in Baton Rouge, Louisiana, on <u>June 16, 2026</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**